ELNATHAN L. SANDERSON, APPELLANT, *v.* HENRY C. BOWEN AND OTHERS, RESPONDENTS.

*Papers taken by jury to jury-room — rests in discretion of the court.*

"The verdict in this action was set aside for irregularity, upon the ground that the successful party placed in the hands of the jury, upon their retiring to consider of their verdict, a certain printed paper, without the consent of the court or the opposite counsel. The action was for a libel, and the paper placed in the hands of the jury was a printed copy of one of the libellous articles counted upon, and which had been given in evidence. The modern rule, as settled in this State, is that, whether any and what papers which have been given in evidence, may be taken by the jury when they retire to deliberate upon their verdict, is a matter within the discretion of the judge before whom the action is tried."[*]

APPEAL from an order made at the Special Term of Kings county, vacating and setting aside the verdict of a jury and ordering a new trial. The court ruled that no paper should be taken by the jury, except such as counsel on each side should agree upon. The counsel had some discussion as to whether any and what papers should be taken by the jury. The paper in question was handed to one of the jury by the prevailing party, and taken into the jury room. The counsel for the defendant claimed that he did not consent to this, and the counsel for the plaintiff claimed that he did. The Special Term held that the counsel for the plaintiff failed to show that defendant's counsel consented, and made the order directing a new trial. The plaintiff's counsel appealed to this court from such order, where it was affirmed with $10 costs of appeal.

*E. L. Sanderson*, appellant in person.

*George C. Holt*, for the respondents.

Opinion by TALCOTT, J.

Present—TAPPEN and TALCOTT, JJ.

Order affirmed, with $10 costs of appeal.

[*] Porter v. Mount, 45 Barb., 422; Schappner v. 2d Avenue R. R. Co., 55 id., 497; Howland v. Willetts, 9 N. Y., 170.